## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Ad Ideas of Wisconsin, Inc., d/b/a Zipline,<br>d/b/a Image Innovators,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1)  TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>**(2)  UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>**(3)  TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**<br>**(4)  TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**<br>**(5)  COMMON LAW TRADE DRESS INFRINGEMENT;**<br>**(6)  COMMON LAW UNFAIR COMPETITION;**<br>**(7)  COMMON LAW MISAPPROPRIATION; AND**<br>**(8)  UNJUST ENRICHMENT.**<br><br>**Jury Trial Demanded** |

## <u>COMPLAINT</u>

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Ad Ideas of Wisconsin, Inc. ("Defendant"), based on knowledge and on information and belief as appropriate, alleges as follows:

## The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.      Upon information and belief, Defendant is a corporation organized under the laws of the State of Wisconsin with a principal place of business at 741 Vanderperren Way, Green Bay, WI 54304.

3.      Upon information and belief, Defendant does business under the name Zipline through the website http://ziplinepromo.com/.

4.      Upon information and belief, Defendant does business under the name Image Innovators through the website http://image-innovators.logomall.com/.

## Jurisdiction and Venue

5.      This is an action for trade dress infringement, unfair competition and false designation of origin, trade dress dilution, misappropriation, and unjust enrichment.  This action arises under Texas Business & Commerce Code, state common law, including the law of Texas, federal common law, and the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("Lanham Act").

6.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

7.      Defendant did and continues to advertise, offer for sale, and sell infringing insulated drinkware products to customers, including customers in the State of Texas and in this District.

8.      This Court may exercise personal jurisdiction over Defendant based upon Defendant's contacts with this forum, including at least Defendant's tortious acts giving rise to this lawsuit within this district, and Defendant's regular and intentional conduct of business here.

9.      Venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

**General Allegations – YETI's Trade Dress**

10.     For many years, YETI has engaged in the development, manufacture, and sale of premium, heavy-duty insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs in the United States and in Texas.  Through that extensive and continuous promotion and use, *inter alia*, the YETI designs have become well-known indicators of the origin and quality of YETI insulated drinkware.  The YETI designs also have acquired substantial secondary meaning in the marketplace and have become famous.  YETI owns trademark and trade dress rights relating to the source identifying features of its insulated drinkware designs.

11.     Specifically, YETI sells insulated drinkware products, the "YETI® 30 oz. Rambler™ Tumbler" and the "YETI® 20 oz. Rambler™ Tumbler hereinafter referred to as "the Rambler Tumblers."  As a result of YETI's considerable investments and efforts, the Rambler Tumblers are designed and built to provide extreme insulating capabilities and exceptional durability.  YETI has invested substantially in the design, development, manufacture, and marketing of the Rambler Tumblers.

12.     YETI has enjoyed significant sales of the Rambler Tumblers throughout the United States, including sales to customers in the state of Texas.  YETI has expended significant resources advertising and marketing the Rambler Tumblers.

13.     The Rambler Tumblers designs have distinctive and non-functional features that identify to consumers that the origin of the Rambler Tumblers is YETI.  Illustrations 1 and 2 below show exemplary images of the Rambler Tumblers sold by YETI.

| **Illustration 1:  Exemplary Image of a YETI 30 oz. Rambler Tumbler** |
| --- |



| **Illustration 2:  Exemplary Image of a YETI 20 oz. Rambler Tumbler** |
| --- |

14.    As a result of YETI's continuous and exclusive use of the designs, YETI's marketing, advertising and sales of the designs, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the Rambler Tumblers designs.

15.     YETI's trade dress rights in the design and appearance of the YETI 30 oz. Rambler Tumbler, includes, but is not limited to, (1) the design and appearance of the walls of the tumbler; (2) the design and appearance of the rim of the tumbler; (3) the design, appearance and placement of the taper in the side wall of the tumbler; (4) the design, appearance and placement of the upper portion, mid portion and bottom portion of the side wall of the tumbler, alone and in combination; (5) the design, appearance and placement of the style line around the base of the tumbler; (6) the design, appearance and placement of the tab on the lid of the tumbler; (7) the placement of the drinking opening on the lid of the tumbler; (8) the design, appearance and placement of the top plane of the lid of the tumbler; (9) the design, appearance and placement of the side walls of the lid of the tumbler; and (10) the color contrast and color combinations of the tumbler and the tumbler lid; whether these elements are alone or in any combination with each other, and including the overall look and appearance of the tumbler and tumbler lid.   These features, alone or in combination, and including the overall look and appearance of the YETI 30 oz. Rambler Tumbler, are collectively hereafter referred to as the "YETI 30 oz. Trade Dress."

16.     YETI's trade dress rights in the design and appearance of the YETI 20 oz. Rambler Tumbler, includes, but is not limited to, (1) the design and appearance of the walls of the tumbler; (2) the design and appearance of the rim of the tumbler; (3) the design, appearance and placement of the taper in the side wall of the tumbler; (4) the design, appearance and placement of the style line around the base of the tumbler; (5) the design, appearance and placement of the tab on the lid of the tumbler; (6) the placement of the drinking opening on the lid of the tumbler; (7) the design, appearance and placement of the top plane of the lid of the tumbler; (8) the design, appearance and placement of the side walls of the lid of the tumbler; and (9) the color contrast and color combinations of the tumbler and the tumbler lid; whether these elements are alone or in any combination with each other, and including the overall look and appearance of the tumbler and tumbler lid.   These features, alone or in combination, and including the overall look and appearance of the YETI 20 oz. Rambler Tumbler, are collectively

hereafter referred to as the "YETI 20 oz. Trade Dress."

17.     As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware products bearing the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress, and the publicity and attention that has been paid to the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have become famous and have acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate them as source identifiers of YETI.

## General Allegations – Defendant's Unlawful Activities

18.     Defendant has and is continuing to misappropriate the goodwill and secondary meaning in the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress in the Rambler Tumblers.  Defendant is purposefully advertising, offering for sale and selling insulated drinkware products that include the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress (the "Infringing Products").  Defendant's insulated drinkware products are offered in the same sizes as YETI's own products.  Defendant's insulated drinkware products are confusingly similar imitations of the Rambler Tumblers and the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress.  Defendant's actions infringe and dilute YETI's 30 oz. Trade Dress rights and YETI's 20 oz. Trade Dress rights, constitute unfair competition and false designation of origin, as well as unjust enrichment, misappropriation, and common law trademark infringement.

19.     Illustrations 3 and 4 below show examples of Defendant's Infringing Products.



**Illustration 3:  Exemplary Images of Defendant's 30 oz. Infringing Products**

**Illustration 4:  Exemplary Image of Defendant's 20 oz. Infringing Products**

20.     YETI used the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress extensively and continuously before Defendant began selling, offering to sell, distributing, or advertising the Infringing Products.  Moreover, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress became famous and acquired secondary meaning in the United States and in the

State of Texas before Defendant commenced its use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress.

21.     YETI never authorized Defendant to sell, offer to sell, distribute, or advertise the Infringing Products.

22.     Defendant engages in substantial activity in Texas and this District.  Examples of Defendant's activity include Defendant's multiple websites offering for sale the Infringing Products that reach into Texas, including in this District.

23.      As a result of Defendant's activities related to the Infringing Products, there is a strong likelihood of confusing associations in the marketplace between the Infringing Products and Defendant on the one hand, and the Rambler Tumblers, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and YETI on the other hand, that is indicative of consumer confusion and misappropriation of YETI's hard-earned rights and goodwill in the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress.

24.     On information and belief – as evidenced at least by the facts and circumstances alleged above – Defendant's infringements have been intentional and willful, in bad faith, and manifest a deliberate and knowing disregard of YETI's trade dress rights, making this an exceptional case under 15 U.S.C. § 1117, entitling YETI to, among other things, Defendant's profits, actual damages, enhanced damages, and attorneys' fees under at least Tex. Bus. & Com. Code § 16.104 and/or 15 U.S.C. § 1117.

**Count I:**
**Trade Dress Infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

25.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 24, inclusive, and incorporates them by reference herein.

26.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's rights in the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress.  Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and/or colorable imitations thereof is

likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with YETI and as to the origin, sponsorship or approval of the Infringing Products.

27.     The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress are entitled to protection under both federal and common law.  The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress use unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress in the United States.  Through that extensive and continuous use, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have become well-known indicators of the origin and quality of YETI insulated drinkware products.  The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof in connection with the Infringing Products.

28.     Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

29.     Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress.

30.     On information and belief, Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products

to YETI 30 oz. Trade Dress and YETI 20 oz. Trade Dress, as demonstrated in Illustrations 3 and 4 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

31.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendant's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1116 and 1117.

**Count II:**
**Unfair Competition and False Designation of Origin under Section 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

32.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 31 above, inclusive, and incorporates them by reference herein.

33.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitutes unfair competition, at least because the Defendant has obtained an unfair advantage as compared to YETI, through its use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and/or colorable imitations thereof, to falsely designate the origin, affiliation or sponsorship of Defendant and of the Infringing Products.

34.     The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress are entitled to protection under both federal and common law.  The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress use unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress in the United States.  Through that extensive and continuous use, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have become well-known indicators of the origin and quality of YETI insulated drinkware products.  The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof in connection with the Infringing Products.

10

35.     Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof constitutes a false designation of origin that is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

36.     Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress.

37.     On information and belief, Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress, as demonstrated in Illustrations 3 and 4 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

38.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1116 and 1117.

**Count III:**
**Trade Dress Dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

39.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 38 above, inclusive, and incorporates them by reference herein.

40.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

41.     The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress are entitled to protection under both federal and common law.  The YETI 30 oz. Trade Dress and the YETI 20

oz. Trade Dress use unique, distinctive, and non-functional designs. The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have acquired distinctiveness through YETI's extensive and continuous promotion and use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress in the United States. Through that extensive and continuous use, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have become famous, well-known indicators of the origin and quality of YETI insulated drinkware products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI's insulated drinkware products. The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress also has acquired substantial secondary meaning in the marketplace. Moreover, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress became famous and acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof in connection with the Infringing Products.

42.     Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof is likely to cause, and has caused, dilution of the famous YETI 30 oz. Trade Dress and YETI 20 oz. Trade Dress at least by eroding the public's exclusive identification of the famous YETI 30 oz. Trade Dress and YETI 20 oz. Trade Dress with YETI, by lessening the capacity of the famous YETI 30 oz. Trade Dress and YETI 20 oz. Trade Dress to identify and distinguish YETI insulated drinkware products, by associating the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress with products of inferior quality, and by impairing the distinctiveness of the famous YETI 30 oz. Trade Dress and YETI 20 oz. Trade Dress.

43.     Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress.

44.     On information and belief, Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has been intentional, willful, and

malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress, as demonstrated in Illustrations 3 and 4 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

45.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV:**
**Trade Dress Dilution under Tex. Bus. & Com. Code § 16.103**

46.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 45 above, inclusive, and incorporates them by reference herein.

47.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products violate Section 16.103 of the Texas Business & Commerce Code.

48.     The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress are entitled to protection under Texas law.  The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress use unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress in the United States and in the State of Texas.  Through that extensive and continuous use, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have become famous and well-known indicators of the origin and quality of YETI insulated drinkware products in the United States and in the State of Texas, and the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress are widely recognized by the public throughout Texas as a designation of the source of YETI's insulated drinkware products.   The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress also acquired substantial secondary meaning in the marketplace, including in the State of Texas. Moreover, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress became famous and acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade

Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof in connection with the Infringing Products.

49.     Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof is likely to cause, and has caused, dilution of the famous YETI 30 oz. Trade Dress and YETI 20 oz. Trade Dress at least by eroding the public's exclusive identification of the famous YETI 30 oz. Trade Dress and YETI 20 oz. Trade Dress with YETI, by lessening the capacity of the famous YETI 30 oz. Trade Dress and YETI 20 oz. Trade Dress to identify and distinguish YETI insulated drinkware products, by associating the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress with products of inferior quality, and by impairing the distinctiveness of the famous YETI 30 oz. Trade Dress and YETI 20 oz. Trade Dress.

50.     Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress.

51.     On information and belief, Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress, as demonstrated in Illustrations 3 and 4 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

52.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Common Law Trademark Infringement**

53.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 52 above, inclusive, and incorporates them by reference herein.

54.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute common law trademark infringement, at least because the Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products.

55.     The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress are entitled to protection under both federal and common law.  The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress use unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress in the United States and the State of Texas.  Through that extensive and continuous use, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have become well-known indicators of the origin and quality of YETI insulated drinkware products.  The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof in connection with the Infringing Products.

56.     Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

15

57.     Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress.

58.     On information and belief, Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress, as demonstrated in Illustrations 3 and 4 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

59.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Count VI:**
**Common Law Unfair Competition**

60.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 59 above, inclusive, and incorporates them by reference herein.

61.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of the Defendant's goods and/or by simulating the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress in an intentional and calculated manner.

62.     The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress are entitled to protection under both federal and common law.  The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress use unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress for years in the United States and the State of Texas.  Through that extensive and continuous use, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have become well-known

indicators of the origin and quality of YETI insulated drinkware products.  The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof in connection with the Infringing Products.

63.     Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

64.     Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress.

65.     On information and belief, Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress, as demonstrated in Illustrations 3 and 4 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

66.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Common Law Misappropriation**

67.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 66 above, inclusive, and incorporates them by reference herein.

68.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute common law misappropriation.

69.     The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress are entitled to protection under both federal and common law.  The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress use unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress for years in the United States and the State of Texas.  Through that extensive and continuous use, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have become well-known indicators of the origin and quality of YETI insulated drinkware products.  The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof in connection with the Infringing Products.

70.     YETI created the products covered by the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress through extensive time, labor, effort, skill and money.  Defendant has wrongfully used the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and/or colorable imitations thereof in competition with Plaintiffs and gained a special advantage because they were not burdened with the expenses incurred by YETI.  Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

71.     Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress. Moreover, as a result of its misappropriation, Defendant has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort and money that YETI invested in establishing the reputation and goodwill of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress.

72.     Defendant's misappropriation of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress, as demonstrated in Illustrations 3 and 4 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

73.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**Unjust Enrichment**

74.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 73 above, inclusive, and incorporates them by reference herein.

75.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute unjust enrichment, at least because Defendant has wrongfully obtained benefits at YETI's expense.

76.     The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress are entitled to protection under both federal and common law.  The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress use unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress

19

for years in the United States and the State of Texas.  Through that extensive and continuous use, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have become well-known indicators of the origin and quality of YETI insulated drinkware products.  The YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress have also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof in connection with the Infringing Products.

77.      YETI created the products covered by the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress through extensive time, labor, effort, skill and money.  Defendant has and is wrongfully using the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and/or colorable imitations thereof in competition with YETI, and has and is gaining a wrongful benefit by undue advantage, because they have not been burdened with the expenses incurred by YETI, yet is obtaining the resulting benefits for its own business and products.

78.      Defendant's use of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Defendant has and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

79.      Defendant's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress, as demonstrated in

Illustrations 3 and 4 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

80.      YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits.

## DEMAND FOR JURY TRIAL

81.      Plaintiff YETI Coolers LLC hereby demands a jury trial on all issues so triable as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

## <u>Relief Sought</u>

WHEREFORE, Plaintiff respectfully prays for:

1.      Judgment that Defendant has (i) infringed the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress in violation of § 1125(c) of Title 15 in the United States Code; (iv) diluted the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress in violation of Tex. Bus. & Com. Code § 16.103; (v) violated YETI's common law rights in the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; and (vii) been unjustly enriched at YETI's expense, and that these wrongful activities by Defendant were willful;

2.      A preliminary and permanent injunction against further infringement and dilution of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress, and further acts of unfair competition, misappropriation and/or unjust enrichment by Defendant, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the Infringing Products, or any other products that use a copy, reproduction, or

colorable imitation of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress, pursuant to at least Tex. Bus. & Com. Code § 16.104 and 15 U.S.C. § 1116;

3.      An Order directing Defendant to recall all Infringing Products sold and/or distributed and provide a full refund for all recalled Infringing Products;

4.      An Order directing the destruction of (i) all Infringing Products, including all recalled Infringing Products, (ii) any other products that use a copy, reproduction, or colorable imitation of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress in Defendant's possession or control, (iii) all plates, molds and other means of making the Infringing Products in Defendant's possession, custody or control, and (iv) all advertising materials related to the Infringing Products in Defendant's possession, custody or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Defendant to publish a public notice providing proper attribution of the YETI 30 oz. Trade Dress and the YETI 20 oz. Trade Dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the Infringing Products are recalled;

6.      An Order barring importation of Infringing Products and/or colorable imitations thereof into the United States, and barring entry of the Infringing Products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least15 U.S.C. § 1125(b);

7.      An award of Defendant's profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and postjudgment interest, and reasonable attorney fees pursuant to at least Tex. Bus. & Com. Code § 16.104 and 15 U.S.C. § 1117; and

8.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: /s/ Joseph Gray
    Joseph Gray
    Texas Bar No. 24045970
    joseph.gray@bakerbotts.com
    98 San Jacinto Blvd., Suite 1500
    Austin, Texas 78701
    (512) 322-2639
    (512) 322-8385 fax

BANNER & WITCOFF, LTD.

    Joseph J. Berghammer (*pro hac vice forthcoming*)
    Illinois Bar No. 6273690
    jberghammer@bannerwitcoff.com
    Louis DiSanto (*pro hac vice forthcoming*)
    Illinois Bar. No. 6286044
    ldisanto@bannerwitcoff.com
    Sean Jungels (*pro hac vice forthcoming*)
    Illinois Bar No. 6303636
    sjungels@bannerwitcoff.com
    Ten South Wacker Drive
    Suite 3000
    Chicago, IL 60606-7407
    (312) 463-5000
    (312) 463-5001 fax

**ATTORNEYS FOR PLAINTIFF YETI COOLERS, LLC**

23